UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONNIE BEE CISLO, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-679-HAB-ALT |
| McKAYLA and HAHN, | |
| Defendants. | |

OPINION AND ORDER

Ronnie Bee Cislo, a prisoner without a lawyer, filed a complaint alleging he has an opioid-use disorder and is being denied Sublocade which was prescribed before he entered the LaPorte County Jail in June 2025. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cislo alleges he is a pretrial detainee suffering from opioid withdrawal and is being denied any form of treatment. Under the Fourteenth Amendment, a pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of

the detainee." *Id*. at 539. The complaint alleges Cislo is being denied Sublocade because it is too expensive. Based on that allegation, it is not plausible to infer he is being refused Sublocade to punish him. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*).

Cislo alleges Nurse McKayla did not provide him any medical treatment for opioid withdrawal. Captain Hahn is alleged to have denied him Sublocade because it was too expensive, but he is not alleged to have prevented Nurse McKayla from providing Cislo any medical treatment. Non-medical staff may rely on medical experts and are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore, the complaint does not state a claim against Captain Hahn.

Under the Fourteenth Amendment, Nurse McKayla was required to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due

2

process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted). It is possible Nurse McKayla's actions were objectively reasonable, but as presented, the complaint states a claim against her.

In addition to seeking $8,500 in monetary compensation, Cislo also asks for a preliminary and permanent injunction to treat his opioid withdrawal. The LaPorte County Sheriff has both the authority and the responsibility to ensure that Cislo receives medical treatment as required by the Fourteenth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Sheriff will be added as a defendant and Cislo will be allowed to proceed on an official capacity claim for permanent injunctive relief to obtain treatment for opioid withdrawal.

Turning to Cislo's Motion for Preliminary Injunction, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

3

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Unlike when evaluating the allegations in a complaint to determine whether they state a claim for permanent injunctive relief, in assessing the merits of a claim for a preliminary injunction, the court does not have to simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

Cislo says he entered the LaPorte County Jail in June 2025. Opioid withdraw lasts "10-20 days." *Clinical Guidelines for Withdrawal Management and Treatment of Drug Dependence in Closed Settings*, National Library of Medicine.[1] Even if Cislo entered the jail the last day of June, he did not sign his complaint until 35 days later. ECF 1 at 4. He did not mail his Motion for Preliminary Injunction until 72 days later. ECF 4 at 2. Given how long it has been since he was receiving opioids (or treatment for withdrawal from opioids), it is implausible he is still experiencing opioid withdrawal. Therefore, the preliminary injunction motion will be denied.

For these reasons, the court:

---

[1] https://www.ncbi.nlm.nih.gov/books/NBK310652/.

4

(1) GRANTS Ronnie Bee Cislo leave to proceed against Nurse McKayla in her individual capacity for denying him medical treatment for opioid withdrawal as required by the Fourteenth Amendment;

(2) DIRECTS the clerk to add the LaPorte County Sheriff as a defendant;

(3) GRANTS Ronnie Bee Cislo leave to proceed against the LaPorte County Sheriff in an official capacity to obtain permanent injunctive relief to obtain medical treatment for opioid withdrawal as required by the Fourteenth Amendment;

(4) DISMISSES Captain Hahn;

(5) DENIES the Motion for Preliminary Injunction (ECF 4)

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse McKayla at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the LaPorte County Sheriff at the LaPorte County Jail, with a copy of this order and the complaint (ECF 1);

(8) ORDERS Quality Correctional Care, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

5

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse McKayla and the LaPorte County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 18, 2025.

                                              s/ Holly A. Brady  
                                              CHIEF JUDGE  
                                              UNITED STATES DISTRICT COURT