UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONNIE BEE CISLO,

      Plaintiff,

        v.                                  CAUSE NO. 3:25-CV-679-HAB-ALT

MCKAYLA AND LAPORTE COUNTY
SHERIFF,

      Defendants.

OPINION AND ORDER

Ronnie Bee Cislo, a prisoner without a lawyer, is proceeding in this case on two claims: "against Nurse McKayla in her individual capacity for denying him medical treatment for opioid withdrawal as required by the Fourteenth Amendment [and] against the LaPorte County Sheriff in an official capacity to obtain permanent injunctive relief to obtain medical treatment for opioid withdrawal as required by the Fourteenth Amendment[.]" ECF 5 at 5. The Sheriff filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). ECF 20. Cislo did not respond and the deadline to do so has passed. *See* N.D. Ind. L.R. 7-1(d)(2).

The Sheriff argues this court lacks subject matter jurisdiction because Mahon is no longer at the LaPorte County Jail. In considering a Rule 12(b)(1) motion, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," yet may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the

issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citation omitted). "Federal courts lack subject matter jurisdiction when a case becomes moot." *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011). "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (internal quotation marks and citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). "Allegations of a likely retransfer may not be based on mere speculation." *Higgason*, 83 F.3d at 811.

When Cislo filed this case, he was at the LaPorte County Jail. ECF 1. He has since been moved to the Westville Correctional Facility. ECF 19. There is no indication he will be transferred back to the LaPorte County Jail. The injunctive relief claim against the Sheriff in his official capacity is moot and this court lacks subject matter jurisdiction over that claim.

For these reasons, the motion to dismiss (ECF 20) is GRANTED. The LaPorte County Sheriff is DISMISSED. The parties are reminded this case is now proceeding solely on the claim against Nurse McKayla.

SO ORDERED on March 9, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

2